UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John James Bell, #192526, <br> *aka*, Omar Abdel-Al-Mumit <br><br> Plaintiff, <br><br> vs. <br><br> Cecelia Reynolds, et al., <br> Defendant. | C/A No.  8:08-3799-GRA-BHH <br><br><br> Order |

Petitioner, a state prison inmate, seeks a Writ of Mandamus to compel action by a state court.  Petitioner is currently incarcerated at the Kershaw Correctional Institution, part of the South Carolina Department of Corrections' (SCDC) prison system.  In the pleading, Petitioner claims his rights have been violated by Aiken County General Sessions' failure to issue a writ of error coram nobis, and its failure to recuse Judge Doyet A. Early, III, who has denied Petitioner's applications for Post-Conviction Relief as successive.  Complaint at 5.  Petitioner now requests this Court to compel a ruling by Aiken County General Sessions.  Petitioner styles his pleadings as a Petition for Writ of Mandamus.  *See Black's Law Dictionary* (8th ed. 2004) ("mandamus" is [a] "writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly"); *see also* 28 U.S.C. § 1651.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*,

504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Discussion

Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official

*of the United States. See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner).

In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587. The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*,

3

685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).

Petitioner's claims in this case are similar to those made by the unsusilar prisoner in *Gurley*, *i.e.*, he thinks this Court should order Aiken County General Sessions to rule in a certain way. For the same reasons that the Fourth Circuit found such claims to have been improperly raised in the North Carolina federal trial court involved in *Gurley*, Petitioner's claims are not properly raised in this Court. Since the Respondent in this case is a South Carolina state court, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against Respondent. In absence of federal jurisdiction to issue the writ of mandamus sought, this case is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

To the extent that Petitioner's pleading asks this Court to review the proceedings in Aiken County General Sessions and to enter an order/judgment which General Sessions declined to enter, this Court is without jurisdiction to do so and Petitioner's claims are frivolous. The proceedings in state court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983). In *Feldman*, the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.[1] *See Rooker v. Fidelity Trust*

---

[1] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the*

*Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine. *See*, *e.g.*, *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a state's highest court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986). The submission of the petition for a Writ of Mandamus in this case does not alter the fact that Petitioner is really attempting to have this Court review proceedings of a South Carolina state court, something this Court cannot do. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986)(principles barring review by federal district courts of state court decisions are not limited to actions which "candidly seek review" of the state court decree, but extend to other actions where constitutional claims are inextricably intertwined with the state court's grant or denial of relief). *See Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir.

---

*Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991).

1984)(collecting cases); *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); *Kansas Ass'n of Public Employees v. Kansas*, 737 F. Supp. 1153, 1154 (D.Kan. 1990); *Fuller v. Harding*, 699 F. Supp. 64, 66-67 (E.D. Pa. 1988).

### **RECOMMENDATION**

Accordingly, it is recommended that the Petition filed in this case be dismissed *without prejudice* and without requiring Respondent to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); *Baker v. Marshall*, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 6, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).